UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Eric Mance, | ) | C/A No. 9:15-701-HMH-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Larry Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |

Eric Mance (Petitioner), a state prisoner in the Lee Correctional Institution of the

South Carolina Department of Corrections (SCDC), filed this Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2008 convictions for armed robbery, assault

and battery with intent to kill (ABWIK), and possession of a pistol by a person convicted of a violent

crime. See Petition, ECF No. 1 at 1.

Under established local procedure in this judicial district, a careful review has been

made of the pro se petition filed in the above-captioned case pursuant to the procedural provisions

of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214

(AEDPA), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992);

Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim

v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); and Todd v. Baskerville, 712 F.2d 70

(4th Cir. 1983). Pro se petitions are also held to a less stringent standard than those drafted by

attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se

litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S.

5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)); Gordon v. Leeke, 574 F.2d 1147,

1151 (4th Cir. 1978) (citing Rice v. Olson, 324 U.S. 786, 791–92 (1945); Holiday v. Johnston, 313

U.S. 342, 350 (1941)).

   Nonetheless, this Court is charged with screening Petitioner's lawsuit to determine

if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases in the United States

District Courts. The requirement of liberal construction does not mean that the court can ignore a

clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal

district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Such is the

case here.

### Discussion

   With respect to his conviction and sentence, petitioner's sole federal remedy is a writ

of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after he has

exhausted his state court remedies. See 28 U.S.C. § 2254(b); Picard v. Connor, 404 U.S. 270 (1971);

Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973)(exhaustion required under 28

U.S.C. § 2241). Further, subsection (d) of § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus
> by a person in custody pursuant to the judgment of a State court. The limitation period shall
> run from the latest of–
>
>   (A) the date on which the judgment became final by the conclusion of direct review
>   or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action
>   in violation of the Constitution or laws of the United States is removed, if the
>   applicant was prevented from filing by such State action;



2

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Petitioner was convicted in a jury trial on the charges of armed robbery, ABWIK, and possession of a pistol by a person convicted of a violent crime on August 30, 2008, and was sentenced to life in prison without the possibility of parole. ECF No. 1 at 1. Petitioner's direct appeal was dismissed on February 11, 2010. State v. Mance, No. 2010-UP-120, 2010 WL 10079370 (S.C.Ct. App. Feb. 11, 2010); ECF No. 1 at 2. Thereafter, an application for post-conviction relief (PCR) was not filed by Petitioner until almost a year later, on February 4, 2011, which Petitioner states was denied on March 23, 2013, and which Richland County records indicate was dismissed on April 29, 2013. See ECF No. 1 at 3; Richland County Fifth Judicial Circuit Public Index, http://www5.rcgov.us/SCJDWEB/PublicIndex/CaseDetails.aspx?County=40&CourtAgency=400 02&Casenum=2011CP4000741&CaseType=V (last visited June 8, 2015).[1] Petitioner appears to

---

[1] The Court may take judicial notice of factual information located in postings on government web sites. See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869 at * 2 (E.D.La. September 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records]; Williams v. Long, 585 F.Supp.2d 679, 687–88 (D.Md. 2008)[noting that some courts have found postings on government web sites as inherently authentic or self-authenticating].



have appealed the denial of his PCR action to the South Carolina Supreme Court,[2] which Petitioner

states was denied on July 24, 2014.  ECF No. 1 at 4.  The remittitur date from the Supreme Court

of South Carolina is August 11, 2014.  See attached copy of letter from the Supreme Court of South

Carolina.[3]

In sum, the record reflects that Petitioner's direct appeal became final on February

11, 2010.  After a lapse of ninety days, because Petitioner did not file a petition for writ of certiorari

with the United States Supreme Court (see ECF No. 1 at 2), see, e.g. Harris v. Hutchinson, 209 F.3d

325 (4th Cir. 2000)[direct review concludes at expiration of time for seeking certiorari from United

States Supreme Court]; U.S. Sup.Ct. R. 13(1) [time for filing petition for certiorari with United

States Supreme Court is 90 days], the § 2254 one-year statute of limitations under 28 U.S.C. § 2244

began to run the next day, on May 13, 2010, and unless tolled, ran until it expired on May 13, 2011.

See Hernandez v. Caldwell, 225 F.3d 435, 438–39 (4th Cir. 2000)[applying the anniversary date

method in calculating the one-year limitations period in § 2244 and concluding that "the actual count

on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time

tolled"].  Since Petitioner did not file his PCR until February 4, 2011, 267 days had passed since the

statute of limitations began to run, and only 98 days remained.  Thus, Petitioner needed to file this

---

[2]In response to the question of whether Petitioner filed "any second petition, application, or motion," he wrote that he filed a writ of certiorari to the South Carolina Supreme Court.  ECF No. 1 at 3.

[3]Out of an abundance of caution, the remittur date (which is later than the date the Petitioner states that his PCR appeal was denied) has been used in the calculation of the limitations period.  See Gonzalez, 132 S.Ct. at 654 n. 10 [distinguishing between § 2244(d) (2) and (d)(1) provisions]; see also SCACR 221(b); Christy v. Christy, 452 S.E.2d 1, 4 (S.C.Ct.App.1994) [sending of the remittitur ends appellate jurisdiction].



Petition, at the latest, by November 17, 2014[4] (98 days after the remittitur was filed on August 11, 2014). However, Petitioner did not do so until February 4, 2015.[5]

The United States Supreme Court has acknowledged that district courts are "permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 209 (2006); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655 (4th Cir. 2006)[carving out habeas corpus petitions and in forma pauperis complaints as narrow circumstances to permit sua sponte consideration of statute of limitations when defense is clear on face of petition or complaint]. However, "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." Id. Similarly, the United States Court of Appeals for the Fourth Circuit has mandated caution in sua sponte dismissals of untimely petitions under the AEDPA:

> [W]hen a federal habeas court, acting *sua sponte*, dismisses a § 2254 action as untimely without notice to or input from the petitioner, the court cannot be certain that there are no circumstances that would cause the petition to be timely. The district court ought at least to inquire whether there are any facts not apparent to the court that militate against the application of the limitations bar.

McMillan v. Jarvis, 332 F.3d 244, 249 (4th Cir. 2003); Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Here, the standard habeas petition form (AO-241) requests information in question number 18 pertaining to the timeliness of the petition, as follows: "If your judgment of conviction

---

[4]November 16, 2014 was a Sunday.

[5]Filing date under Houston v. Lack, 487 U.S. 266 (1988)[prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court]. The envelope in which Petitioner mailed his Petition is stamped as received by the PCI mailroom on February 4, 2015, and was postmarked February 14, 2015. The Petition was received by this Court on February 18, 2015. See ECF No. 1-1.

became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." The footnote to the question provides the text of § 2244(d). Petitioner answered Question 18 of his Petition, by merely stating:

> My direct appeal and P.C.R. had to first be adjudicated as well as my appeal from P.C.R. to the highest state court. The judgement from the highest state court only became final on 7/24/14.

ECF No. 1 at 13.

In order to provide the "fair notice" required by Day, McMillan, and Hill, Petitioner was given the opportunity, by a proper form and order to show cause dated March 17, 2015 (which was remailed to Petitioner on April 22, 2015),[6] to show cause why his case should not be dismissed on timeliness grounds. Petitioner was specifically informed that the Court was considering dismissal of his case based on the one-year statute of limitations and given an opportunity to provide facts concerning the issue of timeliness of his Petition that would cast doubt on whether this action should be dismissed based on the limitations bar. Proper Form Order and Order to Show Cause, ECF No. 5 at 3-4; ECF No. 9.[7] However, Petitioner failed to file any response to the order to show cause, nor

---

[6]After Petitioner failed to respond to the first proper form and order to show cause, a review of SCDC's website revealed that Petitioner had been moved from the Perry Correctional Institution of SCDC to the Lee Correctional Institution of SCDC on March 18, 2015. See http://public.doc.state.sc.us/scdc-public/ [Search Inmate "Eric Mance"](last visited June 8, 2014). In response to the second mailing of the proper form and order to show cause, Petitioner filed a motion to proceed in forma pauperis. See ECF No. 11. However, he failed to file anything in response to the order to show cause portion of the order.

[7]As noted in the show cause order, Petitioner could be entitled to equitable tolling of the statute of limitations if he were to present facts of "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).



has he provided this Court with any information sufficient to support an equitable tolling of the limitations period. Therefore, this petition should be dismissed as untimely.

### Recommendation

Based on the foregoing, it is recommended that the instant Petition for a Writ of Habeas Corpus be summarily dismissed without prejudice and without requiring Respondent to file a return. See Eriline Co. S.A. v. Johnson, 440 F.3d at 656 [district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent].

Petitioner's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

June **10**, 2015
Charleston, South Carolina

7



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).